UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDRA ILYINA,                                    :
                                                     :
                    Plaintiff,                       :
                                                     :
            v.                                       :      **MEMORANDUM & ORDER**
                                                     :      19-CV-4845 (WFK) (JRC)
FANTASY LAKE RESORT, INC., *et al.*,                 :
                                                     :
                    Defendants.                      :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Alexandra Ilyina ("Plaintiff") brings this action against Fantasy Lake Resort, Inc. doing business as Fantasy Lake View Resort ("Fantasy Lake Resort"), Gennady Grigorovich, and Elena Grigorovich (collectively, "Defendants") for violations of the Fair Labor Standards Act and the New York Labor Law. Before the Court is Defendant's motion for summary judgment. For the reasons to follow, the motion for summary judgment is DENIED.

## BACKGROUND

On August 23, 2019, Plaintiff filed a Complaint against Fantasy Lake Resort, Inc. and Gennady Grigorovich. Complaint, ECF No. 1. On October 23, 2020, Plaintiff amended her Complaint, adding Elena Grigorovich as a defendant. Amended Complaint, ECF No. 18. The Amended Complaint alleges Defendants willfully violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to (1) pay the minimum wage, (2) pay overtime wages, (3) pay Plaintiff's regular hourly rate of pay for all hours worked, (4) pay spread-of-hours pay, (5) provide the requisite notice of pay rate and payday, and (6) provide an accurate wage statement. Amended Complaint ¶¶ 2–3.

On October 13, 2021, Defendants filed their fully briefed motion for summary judgment. Defs. Mot., ECF No. 35; Pl. Opp., ECF No. 38; Defs. Reply, ECF No. 36.

## DISCUSSION

Summary judgment is appropriate if the record demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016) (quotations and citation omitted). "In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, (1986)). The Court must view all the facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). However, the task of the court at the summary judgment stage is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gordon v. Gen. Prop. Mgmt. Assocs., Inc.*, 496 F. Supp. 3d 830, 835 (S.D.N.Y. 2020) (Koeltl, J.) (quoting *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994)).

Defendants assert Plaintiff's FLSA claims must be dismissed in their entirety because (1) the Fantasy Lake Resort is not an "enterprise" covered by the FLSA, (2) Defendant Elena Grigorovich is not an employer under the FLSA, and (3) the Court should not exercise supplemental jurisdiction over the remaining state law claims if the FLSA claims are dismissed. Defs. Mem. at 3, 7–9, ECF No. 35-1. The Court addresses each argument in turn.

# I.   There Exists a Genuine Dispute as to Whether Plaintiff's Employment Relationship with Fantasy Lake Resort Is Subject to Enterprise Coverage Under the FLSA

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The Court of Appeals for the Second Circuit has thus emphasized the statute "is a remedial one, written in the broadest possible terms so that the minimum wage provisions would have the widest possible impact in the national economy," *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), and courts are to "construe the FLSA 'liberally to apply to the furthest reaches consistent with congressional direction.'" *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 97 n.2 (2d Cir. 2009) (per curiam) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)).

The FLSA requires certain employers to pay a minimum wage and to provide overtime pay for work exceeding forty hours per week. *See generally* 29 U.S.C. §§ 206(a), 207(a). Employees qualify for protection under the FLSA if in any work week "an employee either: 1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an enterprise engaged in commerce or in the production of goods for commerce. The two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively." *Jacobs*, 577 F.3d at 96 (internal citations, quotation marks, and emphasis omitted).

Where a plaintiff alleges enterprise coverage, the employee need not be involved in an activity affecting interstate commerce. *Gordon*, 496 F. Supp. 3d at 836. Rather, enterprise coverage applies if the business (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A); *see also Gordon*, 496 F. Supp. 3d at 836.

The first requirement is "rarely difficult to establish, however, because it is met by showing that two or more employees have 'handl[ed] . . . materials that have been moved in . . . commerce[.]'" *Jacobs*, 577 F.3d at 99 n. 7 (quoting 29 U.S.C. § 203(s)(1)(A)(i)); *see, e.g.*, *Wirtz v. Melos Constr. Corp.*, 408 F.2d 626, 628 (2d Cir. 1969) (finding this requirement met where the company used raw materials that had moved in interstate commerce); *Nepomuceno v. Amsterdam Deli & Convenience Corp.*, No. 19-CV-3150 (MKV), 2022 WL 4448552, at *4 (S.D.N.Y. Sept. 23, 2022) (Vyskocil, J.) (finding this requirement met where an employee used a cleaning product manufactured out-of-state).

On this point, Plaintiff has clearly demonstrated a material factual dispute. While Defendants argue Fantasy Lake's employees "do not handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce," Plaintiff alleges employees of Fantasy Lake handled food and other supplies originating outside of New York and specifically argues Defendant Gennady Grigorovich regularly purchased food products from Pennsylvania, which Plaintiff used to prepare meals for resort guests. Plaintiff adds that Fantasy Lake Resort also owned and used one or more E-Z-Go golf carts, which are manufactured outside of New York. Defs. Mem. at 4, Pl. 56.1 Statement at 13, ECF No. 37-1.

Furthermore, a material dispute exists as to whether the gross revenue of Fantasy Lake Resort in the relevant time period was less than $500,000.00. Defendants argue enterprise coverage does not apply because Fantasy Lake Resort's tax returns show gross sales receipts of $54,188.00 in 2017 and $39,814.00 in 2018. Defs. Mem at 4–5; Defs 56.1 Statement at 3, ECF No. 35-2. To defeat summary judgment, Plaintiff "need only demonstrate that there is a genuine issue of material fact regarding whether Defendants' annual gross sales were less than $500,000." *Fu v. Red Rose Nail Salon Inc.*, No. 15-cv-7465 (KPF), 2017 WL 985893, at *7

(S.D.N.Y. Mar. 13, 2017) (Failla, J.).  Plaintiff asserts these tax returns are not a reliable basis of

support for Defendants' proposition because, *inter alia*, (1) the tax returns do not list any salaries

or wages paid to any employees, despite Plaintiff's knowledge that she and other employees did,

in fact, receive some wages; (2) the tax returns are not authenticated because they are unsigned

and unaccompanied by an affidavit from the tax preparer; and (3) Plaintiff has personal

knowledge of the number of guests who stayed at the resort in 2017 and 2018, and that number

of guests would result in revenue clearly exceeding $500,000.00 at all relevant time periods.  Pl.

Opp. at 13; Ilyina Decl. ¶¶ 20–22; ECF No. 37-3.  Furthermore, there is "substantial precedent

suggesting that tax returns are not dispositive and the veracity of those documents can be

questioned by a Plaintiff."  Jia Hu Qian v. Siew Foong Hui, No. 11 CIV. 5584 CM, 2013 WL

3009389, at *3 (S.D.N.Y. June 14, 2013) (McMahon, J.) (collecting cases).  Courts in this

Circuit have also "expressed skepticism about [the] reliability" of tax returns, "especially where

the returns are unauthenticated or where they conflict with other evidence."  *Shu Lan Chen v.*

*Gypsophila Nail & Spa*, No. 15-cv-2520 (JPO), 2015 WL 3473510, at *3 (S.D.N.Y. June 2,

2015) (Oetken, J.) (collecting cases).  Plaintiff thus demonstrates a sufficient dispute of material

fact with respect to this issue.

       Defendants also argue that Fantasy Lake Resort is exempt from the minimum wage and

overtime provisions of the FLSA.  Def. Mem. at 6.  The enumerated exemptions under 29 U.S.C.

§ 213 are affirmative defenses, which the employer bears the burden of proving.  *Corning Glass*

*Works v. Brennan*, 417 U.S. 188, 196–97 (1974); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300

F.3d 217, 222 (2d Cir. 2002).  Moreover, these exemptions are "narrowly construed against the

employers seeking to assert them and their application limited to those establishments plainly

and unmistakably within their terms and spirit." *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d

529, 531 (2d Cir. 2009) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

      One such exemption is for "amusement or recreational establishment[s], organized

camp[s], or religious or non-profit educational conference center[s]." 29 U.S.C. § 213(a)(3).

This exemption covers "such seasonal recreational or amusement activities as amusement parks,

carnivals, circuses, sport events, parimutel racing, sport boating or fishing, or other similar or

related activities." *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 455 (S.D.N.Y. 2014)

(Koeltl, J.) (citation omitted), *aff'd sub nom. Chen v. Major League Baseball Props., Inc.*, 798

F.3d 72 (2d Cir. 2015). The "seasonality" requirement is met where the business (1) "does not

operate for more than seven months in any calendar year," or (2) "during the preceding calendar

year, its average receipts for any six months of such year were not more than 33⅓ per centum of

its average receipts for the other six months of such year . . . ." 29 U.S.C. § 213(a)(3). There is

no dispute this requirement is met: the parties agree the resort operated for fewer than seven

months each year. Defs. Reply 56.1 Statement at 4, ECF No. 36-1.

      To determine whether an establishment is "recreational," courts consider the totality of

the circumstances to ascertain the establishment's "primary purpose." *Jones v. Bryant Park Mkt.*

*Events, LLC*, 658 F. App'x 621, 625 (2d Cir. 2016) (summary order) (citations omitted). For

example, in *Jones*, the Second Circuit held a rational trier of fact could have concluded the

relevant establishment, which operated for five-and-a-half months per year and consisted of a

restaurant, an ice-skating rink, and approximately 120 shops, was not "recreational." *Id.* at 625–

26. The Second Circuit accordingly vacated the district court's grant of summary judgment to

the defendants. *Id.* The panel noted in particular that the substantial revenue generated by the

numerous shops and the restaurant may have exceeded the revenue derived from the rink, which

would weigh against a finding that the business was recreational. *Id.* In considering the applicability of this exemption, the Court noted that "if recreational activities generate more revenue than non-recreational activities, it suggests that the public is drawn to the establishment for the purpose of recreation." *Id.* at 626. Courts in this Circuit have applied the recreational establishment exemption to, for example, a baseball fan festival and concession stands. *Chen*, 6 F. Supp. 3d 449; *Hill v. Delaware N. Cos. Sportservice, Inc.*, 838 F.3d 281 (2d Cir. 2016).

While the Second Circuit has not squarely confronted the question of whether this exemption applies to a business like that at issue in this case, the Sixth Circuit has. In *Chao v. Double JJ Resort Ranch,* the Court considered whether a western-themed "resort hotel" was exempt under the FLSA and determined the exemption did not apply to the resort as a whole. 375 F.3d 393, 397–98 (6th Cir. 2004). Instead, the court found the resort hotel "offers recreational activities not because selling recreational activities is its primary end, but as a way to get people to come to a rather remote spot . . . to buy food, to rent beds, and to have meetings." *Id.* In reaching its decision, the Sixth Circuit found instructive a 1979 opinion letter from the Wage and Hour Administrator, which stated in relevant part: "hotels, motels and eating places do not have an amusement or recreational character. . . . The fact that these stores are heavily patronized by tourists does not make them recreational or amusement establishments any more than restaurants, retail stores, and similar establishments at a seaside resort would be considered exempt." *Id.* at 397 (quoting Opinion Letter, 1979 WL 62129). The Sixth Circuit therefore concluded the primary purpose of the Double JJ Resort Ranch "is to sell foods and rent beds; the recreational activities are just a carrot enticing people to make the trip." *Id.* at 398. Fantasy Lake Resort, like the resort in *Double JJ Resort Ranch*, includes in the cost of a guest's stay amenities including access to the lake, rowboats, water bikes, volleyball court, and a game room.

Defs. Mem. at 7.  While the resort offers a number of activities, it does not charge a separate fee

for those activities, and the resort staff are not tasked with organizing or supervising the

recreational activities.  Defs. 56.1 Statement at 2–3.  A rational trier of fact could determine that

Fantasy Lake Resort is not recreational; therefore, Defendants are not entitled to summary

judgment based upon the application of this exemption.  *See Jones*, 658 F. App'x at 625 ("The

question, then, is whether, in all the circumstances presented here, a rational trier of fact could

determine that [the establishment] is not recreational.  We answer this question in the

affirmative.").

## II.    There Is Genuine Dispute as to Whether Defendant Elena Grigorovich Is an Employer Under the FLSA

Defendants also argue the claims against individual Defendant Elena Grigorovich should

be dismissed because she is not an "employer" subject to liability under the FLSA.  Defs. Mem.

at 7–8.

"The underlying inquiry in determining 'employer' status is whether the individual

possessed operational control over employees: 'control over a company's actual operations in a

manner that relates to a plaintiff's employment.'" *Tapia v. BLCH 3rd Ave. LLC*, 906 F.3d 58, 61

(2d Cir. 2018) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013)).  "A person

exercises operational control over employees if his or her role within the company, and the

decisions it entails, directly affect the nature or conditions of the employees' employment."

*Catsimatidis*, 722 F.3d at 110.  Courts consider several factors set forth in *Carter v. Dutchess*

*Cmty. Coll.*, when determining whether a defendant is an employer, including "whether the

alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." 735 F.2d 8, 12 (2d Cir. 1984); *see also Catsimatidis*, 722 F.3d at 105.

The parties agree Defendant Elena Grigorovich has been an owner of Fantasy Lake Resort for approximately twelve years, supervised and submitted tax forms on behalf of the company, and maintained documents and records for the business. Defs. Reply 56.1 Statement at 28–29. However, the parties dispute whether Elena Grigorovich had the power to hire or fire any employees and the extent, if any, of her control over Plaintiff's or other employees' work schedules, conditions of employment, pay rate, or method of payment. *Id.* There exists substantial disagreement as to Elena Grigorovich's role and authority at Fantasy Lake Resort; therefore, Defendants are not entitled to dismissal of the claims against Elena Grigorovich at this stage.

### III.   The Court Retains Jurisdiction over Plaintiff's Claims Under the NYLL

The Court denies Defendants' motion for summary judgment with respect to the claims brought by Plaintiff under the FLSA. Therefore, the Court also denies the motion to dismiss Plaintiff's claims under the NYLL, over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a), because Plaintiff's NYLL claims clearly derive from a "common nucleus of operative fact" as her federal claims under the FLSA. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED in its entirety. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 35.

**SO ORDERED.**

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2022
      Brooklyn, New York